**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **MARICELA NOLASCO VENTURA,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | **Civil Case No.: SAG-26-00532** |
| **v.** | * | |
| | * | |
| **VERNON LIGGINS,** *et al.*, | * | |
| | * | |
| **Respondents.** | * | |
| | * | |

      \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**MEMORANDUM OPINION**</u>

Following proceedings on an original habeas petition leading to a bond hearing conducted by an immigration judge ("IJ") Petitioner Maricela Nolasco Ventura filed an Amended Petition for a Writ of Habeas Corpus ("the Amended Petition") on March 3, 2026. ECF 13. The Amended Petition asserts that Petitioner's substantive and procedural due process rights were violated by a constitutionally deficient bond hearing, leading to her continued detention. *Id.* As relief, Petitioner requests that this Court order "immediate release," ECF 13 at 16, or, as stated at the hearing, order a new bond hearing.

Respondents filed a response with a motion to dismiss the Amended Petition, ECF 14, along with a supplemental filing, ECF 16. The parties also filed a transcript of the bond hearing at issue, ECF 17. This Court held a motions hearing on May 6, 2026.

For the reasons stated below, the Amended Petition, ECF 13, must be dismissed without prejudice. The motion to dismiss the Amended Petition, ECF 14, will be granted.

## I.   BACKGROUND

Petitioner is a citizen of Honduras. ECF 13 ¶ 1. In March of 2010, she fled her home country and arrived in the United States, where she entered without inspection. *Id*. She has

remained in the United States since that time and has two children, ages 17 and 20, who are "Lawful Permanent Resident qualifying." *Id*. ¶ 4. Her children have been unattended since her arrest and have medical concerns. *Id.*

Immigration and Customs Enforcement ("ICE") arrested Petitioner on February 8, 2026. *Id.* ¶ 3. She is presently detained in Adelanto, California. *Id.* She intends to apply for Cancellation of Removal under 8 U.S.C. § 1229(b)(1) but has not yet done so. *Id.* ¶ 24.

On February 13, 2026, following an order from this Court in connection with her original Petition, an Immigration Judge ("IJ") conducted a bond hearing. *Id.* ¶ 29. At the conclusion of the hearing, the IJ ruled as follows:

> The Court will enter the following order with respect to bond and custody. The Court first finds that the – excuse me – that the Respondent is a danger to the community. The Respondent was convicted of driving while intoxicated on March 3, 2020. There is Board precedent stating very clearly that driving under the influence is – or driving while intoxicated is an inherently dangerous activity. We are all well aware of the damage caused by persons – and when I say persons, I'm referring to persons of whatever status in the United States – I'm not only referring to persons who have no status – of any status, including United States citizens, who engage in this activity – we know the damage that is caused by this and also the potential for great harm to persons and to property. It is an inherently dangerous activity.
>
> It occurred just 6 years ago. While that was not recent in the sense of 6 months ago, still, this is within 10 years of the period where the respondent would have to show good moral character. And – so that would be a factor in an Application for Cancellation of Removal as a Non-permanent Resident.
>
> But, beside that, the Court finds that this conviction on its own is sufficient to establish that the Respondent is a danger to the community because DWI, driving while intoxicated, is an inherently dangerous activity. If this was a more remote conviction, the Court would have weighed it – would very likely have weighed this much differently, but this is fairly recent and relatively recent, and also, compounded by the fact that the Respondent was fully aware in 2020 – in other words, after having lived in the United States for 10 years – that driving under the influence is something that is not acceptable, that is not – that is below the standard that is expected of every individual who is present in American society. So she is a danger to the community, and the Court will set no bond for that reason.

In the alternative, the Court finds that the Respondent is also a flight risk, first because she has had two contacts with the criminal justice system during her time in the United States. Admittedly, the first contact in 2014 resulted in nol pros [sic], but the charges were fairly serious, first-degree assault and conspiracy to commit assault, also second-degree assault. But, in any event, looking at the totality, these are serious allegations, and this is another contact with the criminal justice system. This indicates a lack of respect for the norms of conduct, and this goes into flight risk because a person is at risk of flight if the Court determines that they are persons who are not reliable, that they cannot be trusted to appear and to comply with the directives of Immigration officers.

Also, the Respondent's application – or – proposed application for relief does present some facts which could be argued as exceptional and extremely unusual hardship. There are health issues with respect to the Respondent's children who are ages 17 and 20. The Court will note that the Respondent's 20-year-old child will be aging out at some point if the Respondent – so that is an issue as to whether that child will even qualify as a qualifying relative during the course of the litigation of this matter. But the Court is unsure whether these health conditions – and all health conditions are of concern, by the way – but the standard is whether these are serious health concerns, serious health reasons, serious health issues, as opposed to health issues, which are, of course, always of concern. So the Court finds that the respondent is also a flight risk, and it would, in the alternative, deny bond on that basis. So the Court sets no bond in this case.

ECF 17 at 16–17.

## II.   LEGAL STANDARDS

28 U.S.C. § 2241 authorizes a district court to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Respondents seek to dismiss this petition for lack of subject matter jurisdiction and failure to state a claim. ECF 14 at 6–7. As to jurisdiction, 8 U.S.C. § 1226(e) provides:

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision

by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

That jurisdictional provision does not preclude "challenges to the statutory framework that permits the alien's detention without bail." *Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)). But Petitioner here does not challenge a statutory framework. She simply contests the way in which the IJ conducted her bond hearing and the ruling that resulted, arguing that her due process rights were violated. This Court will review each of Petitioner's contentions under that standard, carefully eschewing any exercise of jurisdiction over a challenge to the IJ's discretionary judgment.

First, Petitioner contends that the IJ "improperly subjected her to mandatory detention under 8 U.S.C. § 1225" by treating her as "categorically ineligible for bond." ECF 13 ¶ 51. Her assertion is disproved by the hearing transcript, in which the IJ cited the appropriate statute and conducted an individualized analysis, including resting his opinion on facts specific to Petitioner's case.[1] ECF 17. Petitioner's alternative argument that the IJ failed to consider all of the factors laid out in *In re Guerra*, 24 I&N Dec. 37 (BIA 2006), is also unavailing. *Guerra* provides a non-exhaustive list of factors that IJs "may look to" and specifies that IJs may consider "any or all of" them. *Id.* at 40. An IJ is not required to march through the entire *Guerra* list to hold a constitutionally sound proceeding. *See id.* ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations.").

---

[1] Petitioner argued, at the hearing, that this case was similar to Judge Trenga's recent ruling in *Mejia Orozco v. Lyons*, Civ. No. 1:25-cv-01762-AJT-WEF, ECF 20 (E.D. Va. Dec. 1, 2025). The IJ in that case, however, denied bond based solely on the recent denial of Petitioner's cancellation of removal application, effectively implementing a categorical decision that persons who have been denied cancellation of removal are subject to mandatory detention. Those facts are readily distinguishable from those presented here.

4

Next, Petitioner contends that the IJ improperly relied upon "unproven or abandoned allegations," such as criminal charges that were *nolle prosequi*. ECF 13 ¶ 53. But "the rules of evidence do not apply strictly in administrative adjudications of immigration cases," and Plaintiff cites no authority suggesting that the IJ improperly considered those charges in reaching his decision. *See Marynenka v. Holder*, 592 F.3d 594, 601 (4th Cir. 2010) (quoting *Kourouma v. Holder*, 588 F.3d 234, 242 (4th Cir. 2009)). Any challenge to the weight afforded those allegations implicates the IJ's discretion and is beyond this Court's jurisdiction.

Petitioner also argues that her continued detention unlawfully interferes with her fundamental liberty interest in family unity and ability to care for her two children. ECF 13 ¶ 54. That liberty interest, like her more general liberty interest in freedom from detention, is subject to the due process requirements analyzed herein and does not require additional process.

At the hearing, Petitioner raised two more contentions. First, she argues that the IJ erroneously found her to pose a danger to the community because of a "conviction" for "driving while intoxicated." The evidence produced at the hearing established only that Petitioner received probation before judgment ("PBJ") for driving while impaired, which in Maryland is a lesser offense than "driving under the influence," which requires either a breath test of 0.08 or more or evidence of substantial impairment. Petitioner argued at the hearing that this distinction might have influenced the IJ's decision that the "driving while intoxicated conviction" made her an inherent danger to the community, and that the IJ's mistake in that regard amounted to a due process violation. Even if this Court were to credit that contention (a decision it does not reach), the IJ also relied on an alternative holding that Plaintiff's two contacts with the criminal justice system displayed a lack of respect for the norms of conduct, rendering her unreliable and a risk of flight.

While reasonable persons might disagree about the soundness of the IJ's reasoning in that regard, it presents a question of the weighing of the evidence that this Court may not undertake or review.

Second, Petitioner argued at the hearing that the IJ improperly considered her eligibility for cancellation of removal as one factor in making his bond determination. She is correct that the IJ appeared to be "looking ahead" to her contemplated application for cancellation of removal when evaluating her eligibility for bond. But one of the *Guerra* factors is "the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future." 24 I&N Dec. at 40. Consideration of the potential merits of Petitioner's prospective application for cancellation of removal as one of several factors, then, is permissible and does not violate due process.

Of course, this Court does not reach the ultimate merits of the IJ's bond ruling or decide whether it would have reached the same conclusion under the circumstances. Those determinations lie outside this Court's jurisdiction. Petitioner's recourse for what she sees as an improper assessment of the merits of her entitlement to bond lies in an appeal to the BIA.

## III. CONCLUSION

For the reasons stated above, this Court will DISMISS the Amended Petition without prejudice, ECF 13, and the motion to dismiss the Amended Petition, ECF 14, will be GRANTED. The Clerk is directed to CLOSE this case.

Dated: May 7, 2026                                    _____/s/_____

Stephanie A. Gallagher
United States District Judge